| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | Copies Mailed By Chambers |
|---|---|

UNITED STATES OF AMERICA,

                              Government,

        -against-

WILLIAM NIEVES JR.,

                              Defendant.

22-CR-67 (RMB)

**DECISION & ORDER**

## I. Background

On February 14, 2022, Defendant William Nieves Jr. ("Nieves") pleaded guilty pursuant to a plea agreement dated December 8, 2021 to "conspiracy to distribute and possess with intent to distribute 40 grams and more of . . . fentanyl." Plea Agreement, dated Dec. 8, 2021, at 1; Plea Hr'g Tr., dated Feb. 14, 2022 (ECF No. 12). In the plea agreement, the parties stipulated that Nieves' Sentencing Guidelines range was 188 to 235 months' imprisonment, his offense level was 31, and he had a criminal history category of VI. Plea Agreement at 4. The Plea Agreement noted that Nieves' Criminal History Category is VI because he "is a career offender." Id. "Otherwise," Nieves "would be in Criminal History Category [] V." Id.

The presentence report, dated June 8, 2022, also provides that Nieves' Criminal History Category is VI because he "is a career offender." Presentence Investigation Report, dated June 8, 2022 ("PSR"), at ¶ 41. At sentencing on September 13, 2022, the parties stated no objections to the PSR, see Sent. Tr., dated Sept. 13, 2022, at 32:1–3. The Court also determined that Nieves' Criminal History Category is VI. Sent. Tr., dated Sept. 13, 2022, at 20:22-23. The Court sentenced Nieves to 178 months of incarceration followed by six years of supervised release. See Judgment, dated Sept. 13, 2022, at 2–3 (ECF No. 20).

On July 31, 2024, Nieves moved *pro se* for a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines. Def.'s Mot., dated July 31, 2024, at 1 (ECF No. 24). Nieves states that he "believes this legislation applies to [him.] [A]fter carefully reviewing [his] Presentence Report, [he] believes [] 2 points were added to [his] overall calculations." *Id.* Nieves "hopes to receive any and all relief based on the record and any intervening law changes that may benefit [him]." *Id.*

The Government and the U.S. Probation Office each oppose Mr. Nieves motion for a sentence reduction. *See* Gov't Letter Response, dated Sept. 27, 2024, at 1 (ECF No. 25); Supplemental Presentence Investigation Report, dated Sept. 19, 2024 ("Supplemental PSR") (ECF No. 22). Both the Government and Probation Department concede that Nieves committed the instant offense while under criminal justice sentence (*i.e.*, supervised release). *See* Gov't Letter, dated Aug. 31, 2022, at 1 (ECF No. 19); Supplemental PSR at 2. The Government contends that Nieves fails to meet the Amendment 821 sentence reduction eligibility because "[t]he defendant was a career offender under U.S.S.G. § 4B1.1(b)(2)." Gov't Letter Response, at 2. As a result, "Amendment 821 does not change his Criminal History Category." *Id.* The Probation Department states that Nieves is "a career offender. As such, his criminal history category remains unchanged." Supplemental PSR at 2.

Because Nieves' criminal history category (VI) remains unchanged, Nieves is "precluded from a sentence reduction." *Id.* at 3.

**II.**  **Legal Standard**

Amendment 821 went into effect on November 1, 2023 and was made retroactive by the United States Sentencing Commission. *See* U.S.S.G. § 1B1.10(d); 28 US.C. § 994(u). Amendment 821 "reduc[es] from two (2) points to one (1) point the upward adjustment for offenders who committed the instant offense while under any criminal sentence," *United States v. Garcia*, 2024

2

WL 2830908, at *3 (S.D.N.Y. June 3, 2024), "including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A.1.1.

"'In determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted' pursuant to Amendment 821, the Court must first 'determine the amended guideline range that would have been applicable to the defendant if' the Amendment 'had been in effect at the time the defendant was sentenced.'" *United States v. Azona*, 2024 WL 1051585, at *1 (S.D.N.Y. Mar. 11, 2024) (quoting U.S.S.G. § 1.10(b)(1)); *see Dillon v. United States*, 560 U.S. 817, 826 (2010) ("A court must first determine that a reduction is consistent with Section 1B1.10 before it may consider whether the authorized reduction is warranted"). "[A] sentence reduction is not authorized if an amendment [to the Guidelines range] . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." *United States v. Jarvis*, 883 F.3d 18, 21 (2d Cir. 2018).

### III. <u>Analysis</u>

Nieves is not eligible for a sentence reduction because Amendment 821 "does not have the effect of lowering [Nieves]'s applicable guideline range." *Jarvis*, 883 F.3d at 21. Nieves is a "career offender" under U.S.S.G. § 4B1.1(b). *See* PSR at 3 (Nieves "is a career offender because (1) he was at least eighteen years old at the time he committed the offense charged in Count One; (2) the offense charged in Count One is a felony that is a controlled substance offense; and (3) the defendant has at least two prior felony convictions for controlled substance offenses.").

Under U.S.S.G. § 4B1.1(b), "[a] career offender's criminal history category in every case . . . shall be Category VI." "As a career offender, [Nieves'] automatically remains in criminal history category VI, and thus his Guidelines range would not change" under Amendment 821. *United States v. Andrews*, 705 F. Supp. 3d 142, 153 (S.D.N.Y. Dec. 7, 2023) (citing § 4B1.1(b));

*see United States v. Fernandez*, 2024 WL 3522303, at *1 (S.D.N.Y. July 23, 2024) ("Because the Criminal History Category was dictated by the Career Offender Guideline, the one-point reduction in the status point provision of Amendment 821 would not have reduced the defendant's Guideline calculation. Therefore, the defendant is not entitled to a reduction in his sentence pursuant to the retroactive application of Amendment 821.").

## IV.  Conclusion & Order

For the reasons stated above and based upon the record, Nieves' motion for a sentence reduction (ECF No. 24) is respectfully denied.

Date: September 30, 2024
New York, New York

*Richard M. Berman*
**RICHARD M. BERMAN, U.S.D.J.**